**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COUNTRYWIDE HOME LOANS, INC.,**

    **Plaintiff,**

v.                                            Case No: 6:14-cv-1752-Orl-28DAB

**ADRIANA JARDIM and JOSE GOMES**
**JARDIM, JR.,**

    **Defendants.**

## ORDER

This case is before the Court on the "Motion for Removal of this Cause to Federal Court" (Doc. 1) and the Emergency Motion to Stay Proceedings (Doc. 3), both of which were filed just before 4:00 p.m. on October 27, 2014, by Defendants, Adriana Jardim and Jose Gomes Jardim, Jr., who are appearing *pro se*. In the "Motion for Removal," Defendants explain that Plaintiff, Countrywide Home Loans, Inc., filed a case in state court on June 17, 2008. In its state court Complaint (Doc. 2), Plaintiff seeks to foreclose a mortgage on real property. Defendants explain in their Emergency Motion to Stay that a foreclosure sale is scheduled for October 28, 2014, at 11:00 a.m. Defendants ask this Court to "stay the unconstitutional State Court proceedings." (Doc. 3).

Defendants are requesting that this Court either review a judgment of a Florida state court, interfere with ongoing state court proceedings, or both. In these circumstances, under the Rooker/Feldman[1] doctrine and the principles espoused in Younger v. Harris, 401

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

U.S. 37 (1971), and its progeny, this Court either lacks jurisdiction or must abstain from exercising jurisdiction.

To the extent Defendants are seeking for this Court to review or interfere with a state court judgment, this Court lacks subject matter jurisdiction over this case and it must be remanded under Rooker/Feldman. See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160 (8th Cir. 1996); Thompson v. Ameriquest Mortg. Co., No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury—foreclosure on her home. . . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the [state] Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

Moreover, insofar as Defendants ask this Court to interfere with ongoing state court proceedings, this Court must abstain from exercising jurisdiction. In Younger, the Supreme Court set forth a "'strong federal policy against federal-court interference with pending state judicial proceedings.'" Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (quoting H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000)). Where there are ongoing state proceedings that "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims," abstention is required under

Younger. Id. These elements are satisfied here, and accordingly this case shall be remanded. Id.; see also Fisher v. Fed. Nat'l Mortg. Ass'n, 360 F. Supp. 207 (D. Md. 1973).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is hereby **REMANDED** to the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 08-CA-14640, *Countrywide Home Loans, Inc. v. Adriana Jardim and Jose Gomes Jardim, Jr.*

2. All pending motions, including the Emergency Motion to Stay Proceedings (Doc. 3), are **DENIED as moot.**

3. After remand, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on October 28, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Clerk of the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida